| | |
|---|---|
| ALEX G. TSE (CABN 152348)<br>Acting United States Attorney<br><br>BARBARA J. VALLIERE (DCBN 439353)<br>Chief, Criminal Division<br><br>GARTH HIRE (CABN 187330)<br>Assistant United States Attorney<br><br>    1301 Clay Street, Suite 340-S<br>    Oakland, California 94612<br>    Telephone: (510) 637-3723<br>    Facsimile: (510) 637-3724<br>    E-mail: Garth.Hire@usdoj.gov<br><br>Attorneys for Plaintiff<br>UNITED STATES OF AMERICA | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>NAIFARM SAECHAO,<br><br>    Defendant. | No. CR 16-00174 HSG<br>No. CR 18-00225 HSG<br><br>STIPULATION REGARDING REQUEST FOR: (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT, AND ORDER<br><br>Current Hearing Date: June 20, 2018<br>New Hearing Date: August 27, 2018 |

      Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant Naifarm Saechao (defendant), by and through his counsel of record, Joyce Leavitt, hereby stipulate as follows:

STIPULATION REGARDING REQUEST FOR: (1) CONTINUANCE
OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE
TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT, AND
 ORDER                                                                          1

1. Defendant is presently in custody pending an admission to violations of probation currently alleged in a Form 12 filed by the United States Probation Office in Case No. CR 16-00174 HSG. Defendant has also agreed to be charged by Information with the same offense conduct that forms the basis of the Form 12 in Case No. CR 18-00225 HSG. Defendant has been arraigned on that Information.

2. Currently, both matters are set before this Court on June 20, 2018, for an admission to the Form 12 and a guilty plea pursuant to a plea agreement on the new Information. In light of the significant exposure defendant faces both on the revocation of probation and the newly charged offense conduct, defendant's counsel requires additional time to conduct additional investigation, review the discovery in the case, and analyze the issues. Given counsel's schedule and the material to be reviewed, the parties jointly request that the change of plea and admission to the Form 12 be continued from June 20, 2018, to August 27, 2018.

3. Counsel for defendant represents that failure to grant the continuance would deny reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Counsel for defendant agrees that the requested exclusion of time is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses. Thus, the time period from June 20, 2018, through August 27, 2018, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

4. The parties further stipulate and agree that the ends of justice served by excluding the time from June 20, 2018, through August 27, 2018, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

5. Counsel for defendant represents that she has fully informed her client of his Speedy Trial rights and that, to her knowledge, her client understands those rights and agrees to waive them. Defense counsel further believes that her client's decision to give up the right to be brought to trial earlier than if time were not excluded from the Speedy Trial Act is an informed and voluntary one.

6. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 19, 2018

ALEX G. TSE
Acting United States Attorney

/S/
_____
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA


*/S/*
_____
JOYCE LEAVITT
Attorney for Defendant
Naifarm Saechao

Date June 18, 2018

STIPULATION REGARDING REQUEST FOR: (1) CONTINUANCE
OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE
TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT, AND
ORDER                3

**ORDER**

The Court has read and considered the Stipulation Regarding Request for Continuance of Hearing Date and Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would deny defense and government counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The hearing for admission on the pending Form 12 and the change of plea on the currently pending Information presently scheduled for June 20, 2018, is continued to 2:00 p.m. on August 27, 2018. The time period of June 20, 2018, to August 27, 2018, inclusive, is excluded in computing the time within which the trial on the new Information must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

6/19/2018
DATE

HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE